UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

KADEIDRA DAWSON on behalf of herself and
all other similarly situated consumers

                              Plaintiff,

          -against-

GC SERVICES LIMITED PARTNERSHIP

                              Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff, Kadeidra Dawson, brings this action against GC Services Limited Partnership for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Kadeidra Dawson

9.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about May 30, 2016, Defendant sent the Plaintiff a collection letter.

11.     The said letter was an effort to collect on a consumer debt.

12.     Said letter stated in pertinent part as follows:

"If you dispute this balance or the validity of this debt, please let us know **in writing**. If you do not dispute this debt **in writing** within 30 days after you receive this letter, we will assume this debt is valid. However, if you do dispute all or any portion of this debt **in writing** within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you. Or, if within 30 days of receiving this letter you request **in writing** the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank."  (emphasis added)

13.     Said letter misrepresented the Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

14.     Section 1692g(a) of the FDCPA provides:

"Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector - 15 U.S.C. § 1692g(a)(3);

The written notice must also contain:

a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector - 15 U.S.C. § 1692g(a)(4)."

15.    The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would lead the least sophisticated consumer to believe there was a prior initial written communication from Defendant.

16.    The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would confuse the least sophisticated consumer concerning the time frame to dispute the debt or seek validation of the debt.

17.    The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) is confusing.

18.    The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least

sophisticated consumer uncertain as to his or her rights.

19.     The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer confused as to his or her rights.

20.     The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer confused as to his or her rights.

21.     The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) is confused Plaintiff.

22.     The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) made Plaintiff uncertain as to his or her rights.

23.     The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) made Plaintiff confused as to his or her rights.

24.     The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) led Plaintiff to believe

there was a prior initial written communication from Defendant.

25.    The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) led Plaintiff to believe his time to dispute the debt had already passed.

26.    The Defendant's Notice implies that the thirty day period for a consumer to dispute a debt begins at the receipt of Defendant's "**INITIAL WRITTEN NOTICE**" to the consumer. [1]

27.    The Notice does not however imply, that the thirty day period to dispute a debt and/or obtain verification begins at the receipt of the Defendant's actual May 30, 2016 letter.

28.    The said Notice is in violation of the FDCPA as it failed to effectively and clearly convey to the Plaintiff and the unsophisticated consumer, the correct time-frame in which a dispute need be submitted to the Defendant in order to invoke the protections of the FDCPA.

29.    The Defendant's language would lead the least sophisticated consumer to assume that his option to dispute the debt, would only be in writing.

30.    An unsophisticated consumer would assume from the above mentioned language, that he or she has no option to make an oral dispute.[2]

31.    Said language can be reasonably read to have two or more different meanings, one of

---

[1] Guerrero v. GC Servs. Ltd. P'ship, No. CV 15-7449 (DRH) (AKT), 2017 U.S. Dist. LEXIS 42884 (E.D.N.Y. Mar. 23, 2017) (". . . Section 1692g sets forth certain information that a debt collector must convey in writing to a debtor when attempting to collect a debt. . . . However, although communicating the above language to a debtor is necessary to comply with the statute, it does not follow that the provision of such language is in all cases sufficient to insulate a debt collector from liability.")

[2] Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. N.Y. 2013) (Requiring a consumer to dispute a debt in writing violates the FDCPA.); Zengerle v. Dynia & Assocs., 2013 U.S. Dist. LEXIS 130873 (6th Cir. M.I. 2013) (Defendant points out that the letter does not expressly state that the consumer must provide a written statement to dispute the debt, but only that the consumer must "provide us with a statement." Viewing the language from the perspective of the least sophisticated consumer, however, "provide us with a statement" suggests that a writing is necessary and that the consumer may not orally dispute the debt.)

which is false.[3]

32.   Defendant's letter violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4), for failing to comply with the validation notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt.

33.   Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

34.   Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

35.   Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

36.   Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

37.   Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

38.   Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

39.   The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under

---

[3] Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

section 1692e of the Act.

40.   These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

41.   Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

42.   This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43.   The identities of all class members are readily ascertainable from the records of GC Services Limited Partnership and those business and governmental entities on whose behalf it attempts to collect debts.

44.   Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of GC Services Limited Partnership, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

45.   There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.   The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

46.   The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

47.   The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

48.   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)   **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b)   **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

    (c)   **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

49.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

50. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

52. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

53. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through fifty two (52) herein with the same force and effect is if the same were set forth at length herein.

54. This cause of action is brought on behalf of Plaintiff and the members of a class.

55. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter: (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about May 30, 2016; (b) the collection letter was sent to a consumer seeking payment of a personal debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4), for failing to

comply with the validation notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt.

**Violations of the Fair Debt Collection Practices Act**

56. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

57. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       May 22, 2017

                                           __/s/ Maxim Maximov_____
                                           Maxim Maximov, Esq.
                                           Attorneys for the Plaintiff
                                           Maxim Maximov, LLP
                                           1701 Avenue P
                                           Brooklyn, New York 11229
                                           Office: (718) 395-3459
                                           Facsimile: (718) 408-9570
                                           E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                           __/s/ Maxim Maximov_____
                                           Maxim Maximov, Esq.